IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EASTER BROWNLOW,

      Plaintiff,


     v.                          Case No. 2:10-CV-524
                                       JUDGE GRAHAM
                                       MAGISTRATE JUDGE KING

OHIO REFORMATORY FOR
WOMEN WARDEN GININE
TRIM, *et al.*,

      Defendants.


<u>OPINION AND ORDER</u>

     This matter is before the Court for consideration of the *Objection* filed by Defendants Dr. Akusoba and Nurse Smith to the *Report and Recommendation* of the Magistrate Judge.  Doc. No. 28.  For the reasons that follow, the objection is denied.


**I.**

     Plaintiff Easter Brownlow ["Plaintiff"] commenced this action pursuant to 42 U.S.C. § 1983 against various individuals at the Ohio Reformatory for Women ["ORW"] claiming that they were deliberately indifferent to her serious medical needs in violation of the Eighth Amendment to the United States Constitution.  Named in the *Complaint*, Doc. No. 1, as defendants are Ginine Trim, ORW Warden; Marta Raneri, ORW Institutional Inspector; Nurse Smith, ORW Quality Improvement Coordinator; Mona Parks, Chief Inspector of Institutional Services; and Dr. Akusoba, a medical doctor employed by the Ohio Department of Rehabilitation and Correction ["ODRC"].

Defendants filed a *Motion for Judgment on the Pleadings*, Doc. No. 16.  On May 6, 2011, the Magistrate Judge issued a *Report and Recommendation*, Doc. No. 27, concluding that judgment was warranted in favor of all Defendants except Defendants Dr. Akusoba and Nurse Smith.  The Magistrate Judge reasoned that Plaintiff's *Complaint*, "fairly read, alleges that these defendants were deliberately indifferent to Plaintiff's serious medical needs.  Those allegations are sufficient, at this juncture, to overcome the motion for judgment on the pleadings." *Report and Recommendation*, at 6.  Defendants Akusoba and Smith object to that conclusion.

Plaintiff alleges that, in May 2008, she fractured her foot and developed an infection. *Complaint*, at ¶ 16.  According to Plaintiff, she was not placed in a "walking boot" until twelve days later, causing her "severe pain and discomfort." *Id.*, at ¶¶ 20, 22.  In August 2008, Plaintiff's foot was placed in a cast that allegedly lacerated her foot, causing sores and additional "suffering." *Id.*, at ¶ 24.  Plaintiff claims that her request to see a podiatrist was denied. *Id.*, at ¶ 23.  She was treated at the Ohio State University Medical Center and received a new cast; she was also told that the first case was "inadequate" and that her medication was "wrong." *Id.*, at ¶¶ 25, 27.  The cast was removed in September 2008 but Plaintiff claims that the fracture continued to cause her pain into 2009.  Plaintiff alleges that she cannot walk normally and has "debilitating pain in her left ankle, knees, and back, and her foot is permanently deformed." *Id.*, at ¶ 37.

In addition to her foot problems, Plaintiff claims that she was

2

not provided medication for "several days" in June 2009 and was not given a proper diabetic diet. *Id.*, at ¶¶ 40, 41, 47, 48. According to Plaintiff, she suffered severe dehydration and renal failure as a result, causing her to be transported to a hospital. *Id.*, at ¶ 44.

Defendants Dr. Akusoba and Nurse Smith argue that Plaintiff's allegations of deliberate indifference to her serious medical needs amount to "nothing more than legal conclusions, unsupported by factual allegations [because] she simply assert[s] the Defendants were deliberately indifferent to her medical needs." *Objection*, at 2. The Court considers the matter *de novo*. 28 U.S.C. § 636(b).

## II.

As the Magistrate Judge observed, in reviewing the merits of a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), all of the factual allegations in the complaint are accepted as true. A motion for judgment on the pleadings will be granted only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Id.*, at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

In the Court's view, the allegations of deliberate indifference, as they pertain to Defendants Dr. Akusoba and Nurse Smith, satisfy this standard. According to Plaintiff, Dr. Akusoba "prescribed the

3

wrong antibiotic" for the infection that allegedly resulted from the improper treatment of the fracture of Plaintiff's foot. *Id.*, at ¶ 27. The *Complaint* also alleges that, as Plaintiff's need for treatment increased, Defendants Dr. Akusoba and Nurse Smith "directly contradicted the Corrections Medical Center's . . . radiologist report regarding the increased fragmentation of Mrs. Brownlow's fractured foot." *Id.*, at ¶ 29. According to Plaintiff, "[s]uch direct contradiction was designed to cover up the seriousness of [her] medical problems, and conveniently served as a basis to deny her [formal] grievance." *Id.*, at ¶ 30. Plaintiff contends that, despite a directive from the Corrections Medical Center to change her cast every week, the cast was removed and follow-up x-rays were not taken. *Id.*, at ¶¶ 33-34. Plaintiff also alleges that, as a result, she cannot walk normally and experiences debilitating pain. *Id.*, at ¶¶ 37-38. Additionally, Plaintiff claims that, in June 2009, she was not provided her medication for several days and did not receive a proper diabetic diet, resulting in her hospitalization for dehydration and renal failure. *Id.*, at ¶¶ 40, 45, 48.

In the Court's view, these allegations are sufficient to survive the *Motion for Judgment on the Pleadings* filed on behalf of Defendants Dr. Akusoba and Nurse Smith. The Court specifically rejects Defendants' contention that the facts pled by Plaintiff amount to no more than legal conclusions. Whether Plaintiff's allegations in support of her Eighth Amendment claim can ultimately survive scrutiny under the standard of Rule 56 must await further development of the record. At this juncture, however, the case may

proceed.

### III.

The *Objection*, **Doc. No. 28**, to the *Report and Recommendation* of the Magistrate Judge is **DENIED**. The *Report and Recommendation*, **Doc. No. 27**, is **ADOPTED and AFFIRMED**. Defendants' *Motion for Judgment on the Pleadings*, **Doc. No. 16**, is **GRANTED in part and DENIED in part**. Specifically, the motion is **DENIED** as to Defendants Smith and Akusoba and **GRANTED** as to all other Defendants.

**IT IS SO ORDERED.**

Date: July 28, 2011                         _____s/James L. Graham_____
                                            James L. Graham
                                            United States District Judge