IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EASTER BROWNLOW,

    Plaintiff,

    v.                                Case No. 2:10-CV-524
                                        Judge Graham
                                        Magistrate Judge King

OHIO REFORMATORY
FOR WOMEN WARDEN
GININE TRIM, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

      Plaintiff Easter Brownlow ["plaintiff"], an Ohio inmate currently incarcerated in the Ohio Reformatory for Women ["ORW"], brings this action pursuant to 42 U.S.C. § 1983 claiming that defendants were deliberately indifferent to her serious medical needs in violation of the Eighth Amendment to the United States Constitution. The only defendants remaining in the action are Nurse Smith, Quality Improvement Coordinator at ORW, and Arinze Akusoba, M.D., a medical doctor employed by the Ohio Department of Rehabilitation and Correction ["ODRC"]. *See Opinion and Order*, Doc. No. 34. This matter is now before the Court on these defendants' *Motion for Summary Judgment*, Doc. No. 47. Plaintiff, who is represented by counsel, filed a response to defendants' motion, *Response to Motion for Summary Judgment*, Doc. No. 50, and defendants filed a reply. *Reply*, Doc. No. 51. For the reasons that follow, the Court concludes that defendants' *Motion for Summary Judgment* is meritorious.

## I.

The standard for summary judgment is well established. This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). In making this determination, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251.

The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Catrett*, 477 U.S. at 323. Once the moving party has met its initial burden, the burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S.

2

at 250 (quoting former Fed. R. Civ. P. 56(e)); *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir. 1995)("nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial"). "Once the burden of production has so shifted, the party opposing summary judgment cannot rest on the pleadings or merely reassert the previous allegations. It is not sufficient to 'simply show that there is some metaphysical doubt as to the material facts.'" *Glover v. Speedway Super Am. LLC,* 284 F.Supp.2d 858, 862 (S.D. Ohio 2003)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-moving party must support the assertion that a fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1).

In ruling on a motion for summary judgment "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Glover,* 284 F.Supp. 2d at 862 (citing *InteRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989)). Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." *Id. See also* Fed. R. Civ. P. 56(c)(3).

**II.**

The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth

3

Amendment . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "A constitutional claim for deliberate indifference to serious medical needs requires a showing of objective and subjective components." *Phillips v. Roane County*, 534 F.3d 531, 539 (6th Cir. 2008). The burden is on a plaintiff to show a "sufficiently serious medical need to satisfy the objective component." *Id.* A condition is "sufficiently serious" when the need for medical care is obvious even to a lay person. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899-900 (6th Cir. 2004). "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). The requisite state of mind "entails something more than mere negligence" but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Not every claimed denial of adequate medical treatment constitutes a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. at 105. The United States Court of Appeals for the Sixth Circuit distinguishes "between cases where a complaint alleges a complete denial of medical care and those cases where the claim is that the prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner has received some medical attention and the dispute is over the adequacy of that treatment, federal courts are generally reluctant to second

4

guess medical judgments and to constitutionalize claims that actually sound in state tort law.  *Id.*

**III.**

In her unverified *Complaint*, plaintiff alleges that she is diabetic and suffers from neuropathy, conditions of which defendants were aware.  *Complaint*, Doc. No. 1, at ¶¶ 3, 18.  In May 2008, plaintiff alleges, "a bone in her foot was fractured and there were indications that the bone was infected," *id.* at ¶ 16, conditions that were aggravated by her diabetes and neuropathy, *id.* at ¶ 17.  Plaintiff complains that defendants were deliberately indifferent to her fractured foot, delayed treatment of the condition, *id.* at ¶ 21, refused her request for treatment by a podiatrist, *id.* at ¶ 23, and disregarded other medical reports, *id.* at ¶ 29.  As a result, plaintiff alleges, she continues to experience debilitating pain and cannot walk normally.  *Id*. at ¶ 37.  The *Complaint* also alleges that plaintiff was denied medication "[d]uring the first week of June, 2009," *id.* at ¶ 40, and that she has "never received her diabetic diet. . . ." *Id.* at ¶ 47.  As a result, plaintiff alleges that she has "become increasingly susceptible to acute renal failure and its secondary effects."  *Id*. at ¶ 48.

In support of the *Motion for Summary Judgment*, defendants have submitted photocopies of plaintiff's medical treatment during the relevant time period.[1]  On April 10, 2008, and as a consequence of her

---

[1]Although the medical records have not been expressly or clearly authenticated, *see Declaration of Arinze Akusoba, M.D.*, Defendants' Exhibit 16, attached to *Motion for Summary Judgment*; *Declaration of Nancy Smith, R.N.*, Defendants' Exhibit 17, attached to *Motion for Summary Judgment*, plaintiff, who has proffered no evidence in opposition to the *Motion for Summary Judgment*, *see Response to Motion for Summary Judgment*, does not challenge the

5

diagnosed diabetes mellitus, plaintiff was fitted for special shoes and inserts. *Consultation Request dated April 5, 2008,* Defendants' Exhibit 1, attached to *Motion for Summary Judgment*. On May 5, 2008, a podiatrist noted plaintiff's complaints of left foot pain and ordered an x-ray. *Interdisciplinary Progress Notes dated May 5, 2008,* Defendants' Exhibit 2, attached to *Motion for Summary Judgment*. The May 12, 2008 x-ray was interpreted on May 13, 2008 as indicative of a "subtle healing non-displaced fracture involving the base of the second metatarsal." *Radiology Report*, Defendants' Exhibit 4, attached to *Motion for Summary Judgment*.

On May 17, 2008, plaintiff was referred to "OSU/CMC ASAP" for a "Low Profile Cam Walker." *Physician Order*, Defendants' Exhibit 3, attached to *Motion for Summary Judgment. See also Interdisciplinary Progress Notes dated May 16, 2008,* Defendants' Exhibit 2. Plaintiff was also prescribed pain medication. *Physician Order,* Defendants' Exhibit 3. The next day, plaintiff was issued a surgical shoe. *Ohio Reformatory for Women Medical Department Equipment Title,* Defendants' Exhibit 5, attached to *Motion for Summary Judgment*. On May 29, 2008, Plaintiff was fitted with a "Medium Semi Rigid Fracture Boot" because the "Low Walker Boots" were unavailable. *Consultation Request dated May 29, 2008,* Defendants' Exhibit 6, attached to *Motion for Summary*

---

authenticity of the documents. *Cf. Johnson v. United States Postal Serv.*, 64 F.3d 233, 237 (6th Cir. 1995)("If a party fails to object before the district court to the . . . evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice"). Under these circumstances, and because the Court concludes that no gross miscarriage of justice will result, the Court will consider the medical records submitted in connection with the *Motion for Summary Judgment.*

*Judgment*.

On June 4, 2008, Plaintiff received shoes and inserts specially ordered for her in April. *Interdisciplinary Progress Notes dated June 4, 2008,* Defendants' Exhibit 7, attached to *Motion for Summary Judgment*. On June 24, 2008, another podiatry consult was ordered. *Physician Order,* Defendants' Exhibit 8,[2] attached to *Motion for Summary Judgment; Consultation Report and Recommendation,* Defendants' Exhibit 10, attached to *Motion for Summary Judgment*. The podiatrist evaluated plaintiff on July 26, 2008 and noted some swelling secondary to the boot. Plaintiff was referred for follow-up in four weeks. *Consultation Report and Recommendation.* Defendants' Exhibit 10.

X-rays performed on July 30, 2008 revealed "[s]ignificant progressive changes" with increased fragmentation and comminution around the fracture. *Corrections Medical Center Exam Notes dated July 30, 2008,* Defendants' Exhibit 11, attached to *Motion for Summary Judgment*. Osteomyelitis was suspected. *Id*. An orthopedic consultation and bone scan were ordered on August 8, 2008. *Interdisciplinary Progress Notes dated August 8, 2008,* Defendants' Exhibit 12, attached to *Motion for Summary Judgment*.

On August 14, 2008, following an orthopedic consult, a total contact cast was applied and crutches were issued. *Consultation Report and Recommendation,* Defendants' Exhibit 13, attached to *Motion for Summary Judgment*. On August 18, 2008, plaintiff was referred to orthopedics for a follow-up and bone scan. *Interdisciplinary Progress Notes dated August 18, 2008,* Defendants' Exhibit 14, attached to

---

[2] This document is mislabeled "Defendants' Exhibit 4."

*Motion for Summary Judgment*.

A whole body bone scintigraphy and white blood cell scan performed at the Ohio State University Medical Center on August 25, 2008 suggested osteomyelitis in the left foot. *Bone Scintigraphy and White Blood Cell Scan Report,* Defendants' Exhibit 18, attached to *Motion for Summary Judgment*. Plaintiff was hospitalized on September 2, 2008. *Discharge Instructions,* Defendants' Exhibit 19, attached to *Motion for Summary Judgment*. Further testing ruled out osteomyelitis. *Id*. A new cast was applied and plaintiff was referred to an orthopedic follow-up, *id*., which was conducted on September 11, 2008 and during which plaintiff was diagnosed with Charot foot disorder.[3] *Consultation Request dated September 11, 2008,* Defendants' Exhibit 20, attached to *Motion for Summary Judgment*.

On September 16, 2008, plaintiff had no complaints of discomfort and was walking with a steady gait with the assistance of a cane and leg cast. *Nursing Notes dated September 16, 2008,* Defendants' Exhibit 21,attached to *Motion for Summary Judgment*. At an orthopedic follow-up conducted on September 18, 2008, plaintiff's cast was discontinued and new x-rays were ordered. *Consultation Report and Recommendation, 2008,* Defendants' Exhibits 22, attached to *Motion for Summary Judgment.*

At an orthopedic consult conducted on October 9, 2008, plaintiff was fitted for a "Crow Walker" and given a temporary walking boot. *Consultation Report and Recommendation,* Defendants' Exhibit 23,

---

[3]Charot foot disorder can result from chronic hyperglycemia. *Declaration of Arinze Akusoba, M.D.*, ¶ 6.

attached to *Motion for Summary Judgment*. Plaintiff was seen by an orthopedic specialist on October 14, October 21 and October 23, 2008. *Consultation Request dated October 14, 2008,* Defendants' Exhibits 24, attached to *Motion for Summary Judgment*; *Consultation Request dated October 21, 2008,* Defendants' Exhibits 25, attached to *Motion for Summary Judgment*; *Consultation Request dated October 23, 2008,* Defendants' Exhibits 26, attached to *Motion for Summary Judgment*. On November 3, 2008, an x-ray of plaintiff's left foot revealed healing around the proximal metatarsal. *Corrections Medical Center Exam Notes dated November 3, 2008,* Defendants' Exhibit 27, attached to *Motion for Summary Judgment*.

According to defendant Akusoba, plaintiff's treatment "met with the American Medical Association's protocol for Charot foot disorder." *Declaration of Arinze Akusoba, M.D.*, ¶ 8.

In June 2009, plaintiff was authorized to "take responsibility for maintaining and administering her own medications." *Declaration of Nancy Smith, R.N.*, ¶ 6. Plaintiff has been prescribed an 1800 calorie ADA diet since her reception at ORW. *Id.*, ¶¶ 7-8. However, ORW inmates may choose not to follow that diet. *Id*. ¶¶ 9-10. Plaintiff's commissary purchases include purchases inconsistent with a diabetic diet. *Commissary List*, Defendants' Exhibit 32, attached to *Motion for Summary Judgment*.

As this recitation of the medical evidence establishes, plaintiff received substantial medical care following the fracture of her foot. However, in opposing the motion for summary judgment, plaintiff argues that the failure to prescribe a cast at the outset constituted

9

deliberate indifference on the part of both defendants:

> Although the first x-ray was taken on May 12, 2008 and a low boot prescribed, it is clear from the report of July 30, 2008 that this treatment was inadequate and that the injury had deteriorated. Defendant Akusoba, although aware of this situation, did nothing to alleviate the situation and it was not until August 14, 2008, over three months since the first x-ray that a cast was fitted to the Plaintiff. (Exhibit 1 Decision of the Chief Inspector on a Grievance Appeal, attached as Exhibit 1 to the Complaint herein and part of the record of this case). Defendant Smith, as stated, was the quality control coordinator. As such, she kept the records and monitored the treatment of the Plaintiff and was also aware of the situation with the Plaintiff and the deterioration of her condition. She took no action to ensure the avoidance of unnecessary suffering by the Plaintiff.

*Response to Motion for Summary Judgment*, at 4.[4]

This Court rejects plaintiff's contention that the failure to apply a total contact cast prior to August 14, 2008 constituted deliberate indifference on the part of defendants. The original issuance of a boot to plaintiff was deemed appropriate in light of the May 12, 2008 x-ray, which indicated a "subtle healing non-displaced fracture." *Radiology Report*, Defendants' Exhibit 4. It was not until x-rays were repeated on July 30, 2008 that "[s]ignificant progressive changes" were noted, *Corrections Medical Center Exam Nots dated July 30, 2008*, Defendants' Exhibit 11, and another orthopedic consult was ordered, which ultimately led to the application of the cast two weeks later. Plaintiff points to no evidence suggesting that defendants should have known, in May 2008, that a full cast was constitutionally

---

[4]Plaintiff does not address her claims that she was denied medication in June 2009 and that she was never provided a diabetic diet.

required.  Indeed, the record contains evidence to the contrary. *Declaration of Arinze Akusoba, M.D.*, Defendants' Exhibit 16, ¶ 8 (plaintiff's treatment "met with the American Medical Association's protocol for Charot foot disorder").  Even assuming that a full cast, rather than a boot, would have been the better treatment from the outset, that fact merely suggests medical malpractice rather than deliberate indifference violative of the United States Constitution. *See Westlake v. Lucas*, 537 F. 2d at 860 n. 5.

In sum, the Court concludes that defendants are entitled to summary judgment on plaintiff's Eighth Amendment claim.[5]

**WHEREUPON**, it is **RECOMMENDED** that Defendants' *Motion for Summary Judgment,* Doc. No. 47, be **GRANTED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to

---

[5] Because the Court concludes that plaintiff's constitutional claim cannot survive the *Motion for Summary Judgment*, the Court need not, and does not, consider defendants' alternative arguments based on an alleged failure to exhaust administrative remedies, qualified immunity and the statute of limitations.

*de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Foundation of Teachers, Local 231, etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                        *s/ Norah McCann King*
                                        Norah McCann King
                                        United States Magistrate Judge

April 16, 2012