IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Easter Brownlow,                                    Case No.: 2:10-CV-524

       Plaintiff,                                  Judge Graham

    v.                                              Magistrate Judge King

Ginine Trim, Warden, et al.

       Defendants.

OPINION AND ORDER

In this 42 U.S.C. §1983 action plaintiff, an inmate incarcerated at the Ohio Reformatory for Women, claims that the defendants were deliberately indifferent to her serious medical needs in violation of the Eighth Amendment to the United States Constitution when they failed to provide proper treatment for an injury to her left foot.

On May 12, 2008, following complaints of left foot pain, an x-ray was taken which was interpreted as indicative of a "subtle healing non-displaced fracture involving the base of the second metatarsal."  On May 29, 2008, plaintiff, who suffers from diabetes, was fitted with a "Medium Semi Rigid Fracture Boot".  X-rays performed on July 30, 2008 revealed that plaintiff's condition had worsened.  Osteomyelitis was suspected and a bone scan and orthopedic consultation were ordered.

On August 14, 2008, following the orthopedic consult, a total contact cast was applied and crutches were issued.  Thereafter, plaintiff was hospitalized, further testing ruled out

osteomyelitis and she was ultimately diagnosed with Charot foot disorder[1].

Plaintiff's treatment continued until November of 2008 when an x-ray of her left foot revealed healing around the proximal metatarsal.

In a Report and Recommendation filed on April 16, 2012, the Magistrate Judge concluded that plaintiff has failed to produce evidence sufficient to create a genuine issue of material fact on plaintiff's claim that defendants were guilty of deliberate indifference to her serious medical needs and recommended that the Court grant defendants' motion for summary judgment. This matter is before the Court on Plaintiff's objections to the Report and Recommendation and the Court will review the recommended ruling *de novo*. 28 U.S.C. §636(b)(1).

In her objections plaintiff focuses solely on Dr. Akusoba's failure to order a total contact cast on August 8, 2008, the date the report of the July 30, 2008 x-rays was received. The full contact cast was not applied until six days later on August 14, 2008. Plaintiff claims that this delay "unnecessarily prolonged the plaintiff's suffering" and constituted deliberate indifference. The Court disagrees. As noted above the evidence shows that plaintiff had been fitted with a Semi Rigid Fracture Boot on May 29, 2008. When Dr. Akusoba learned on August 8, 2008 that the July 30, 2008 x-rays indicated a worsening of the condition , he immediately arranged an orthopedic consultation and bone scan, which were scheduled within six days. Dr. Akusoba was not providing orthopedic or podiatric care to the plaintiff. Instead he referred the plaintiff to specialists in theses fields of medicine.

Plaintiff has provided no evidence showing that under these circumstances Dr. Akusoba's

---

[1] Charot foot disorder can result from chronic hyperglycemia. *Declaration of Arinze Akusoba, M.D.*, ¶ 6.

2

failure to immediately apply a hard cast fell below the standard of care, let alone constituted deliberate indifference. See Westlake v. Lucas, 537 F.2d. 857 (6th Cir. 1976). Plaintiff had already been fitted with a device to immobilize her foot and the exact diagnosis of her condition remained unclear insomuch as the July 30 x-ray report indicated that in addition to the previously identified fracture osteomyelitis was suspected.

The magistrate judge correctly identified the standard of proof for a §1983 claim of deliberate indifference to serious medical needs and plaintiff's burden when faced with a motion for summary judgment. The Court agrees with the Magistrate Judge's analysis of the evidence and agrees that defendants' motion for summary judgment should be GRANTED.

Plaintiff's objections to the Report and Recommendation are DENIED and the Court ACCEPTS the Report and Recommendation. The Clerk shall enter final judgment dismissing plaintiff's claims with prejudice at plaintiff's costs.


Date: May 9, 2012                                s/James L. Graham
                                                 James L. Graham
                                                 Senior United States District Judge